HART WOOD & LUMBER COMPANY *vs.* SEA VIEW RAILROAD CO.

JUNE 11, 1909.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Bills of Exceptions. Construction of Rules Affecting right of Review.*

The right of a litigant, who observes the procedure fixed by statute, to come to the supreme court upon a bill of exceptions is as indubitable as his right to be heard in the superior court, and the statutory procedure is to be construed as reasonable rules to be observed in perfecting such right; so whenever in such procedure two different constructions of a provision are possible, the harsher and less reasonable should not be the one to receive judicial sanction.

(2) *Bills of Exceptions. Extending time for Filing Transcript.*

If at the time of filing the notice of intention to prosecute a bill of exceptions it appears to the superior court that for any cause the transcript cannot be made and delivered within forty days from the date of the written request for the same, the court may grant an extension of the ordinary period contemplated by C. P. A., sec. 71, by an original order to that effect, and is not required to first fix the statutory period and then thereafter to extend the time so fixed.

(3) *Bills of Exceptions. Order extending time. Loss in Mails.*

Where an order extending the time for filing a transcript of testimony was entered by a justice of the superior court, and was lost in transmission through the mails and never reached the files of the court, such loss cannot preju-

dice the rights of the party, since the order, which was the vital and necessary step, was duly made before the expiration of the period first fixed.

ASSUMPSIT. Heard on motion of plaintiff to dismiss defendant's bill of exceptions, and denied.

SWEETLAND, J. Heard on motion to dismiss defendant's bill of exceptions.

Upon a trial before a jury, in the Superior Court in Washington county, a verdict was returned in favor of the plaintiff. The defendant duly filed a motion for a new trial. On December 30th, 1908, said motion for a new trial was denied by the justice of the Superior Court who presided at the trial. On January 6th, 1909, the defendant filed, in the clerk's office of the Superior Court in Washington county, notice of its intention to prosecute a bill of exceptions to the Supreme Court, together with a written request to the court stenographer for a complete transcript of the testimony, and deposited with the clerk the estimated fee for transcribing the testimony. Thereupon the justice of the Superior Court who presided at the trial made and signed the following order: "Transcript of evidence, etc., to be made and delivered by stenographer to party ordering the same or his attorney of record and to be filed in clerk's office on or before February 23rd A. D. 1909. Bill of exceptions to be filed in clerk's office on or before March 4, A. D. 1909."

The first ground of the motion to dismiss is that "The time limited by the court for filing the transcript in said case was later than forty days from the filing of the written request to the court stenographer therefor by said defendant."

The third ground of the motion to dismiss is that "The said defendant did not, not later than fifty days after filing a notice of intention to prosecute a bill of exceptions, file in the office of the clerk of the Superior Court the bill of exceptions."

These two grounds of the motion attack the power of the justice of the Superior Court, in the first instance, to fix a period of forty-eight days within which the defendant might file a transcript of the evidence and to fix a period of fifty-seven days within which the defendant might file its bill of exceptions.

(1)    Section 71 of the Court and Practice Act, among other
things, provides that the court stenographer shall make a.
transcript of the whole or any part of the stenographic .report
of the proceedings in the trial of an action "upon the written
request, filed with the clerk by either party to such action or
proceeding, and when completed, and within the time limited
by the court for filing the same, but not later than forty days
from the date of such request, except as provided in section
72, shall immediately deliver the same to the party ordering
it or to the attorney of record of said party."

Section 72 of the Court and Practice Act is as follows:
"SEC. 72.   In case of sickness or other disability of the court
stenographer who made the report of the evidence and rulings,
or for other causes, the Superior Court may, on motion therefor,
and with or without notice, grant an extension of time for
filing a transcript of the evidence and rulings beyond the period
of forty days allowed by the preceding section."

Section 490 of the Court and Practice Act, fixing the pro-
cedure to be taken by a person or party in prosecuting a bill
of exceptions to the Supreme Court, among other things pre-
scribes that "within such time as the court shall fix, not later
than fifty days after filing notice of intention to prosecute a bill
of exceptions, or within ten days after the expiration of such
extended time as is provided by section 72 for filing a transcript
of the evidence, he shall file in the office of the clerk of the
Superior Court his bill of exceptions."

It is urged by the plaintiff that the power. given to the
Superior Court, under § 72, C. P. A., to grant an extension
of time for filing a transcript is restricted to the extension of a,
period of forty days or less, which has been previously limited
by the court under the provisions of section 71.   It is further
urged that the proceedings for a review of the action of the
Superior Court by bill of exception is a privilege, and that the
provisions of the statutes relating thereto should be most
strictly construed.   If by use of the word "privilege" it is.
claimed that a review by bill of exceptions is something less
than a right, such claim shows a misconception of the provisions
of the constitution and of the purpose of the statute.   This.

court, under the constitution, is given jurisdiction to review the proceedings of inferior tribunals; and the right of litigants, who observe the procedure fixed by statute, to come to this court upon a bill of exceptions is as indubitable as is their right to be heard in the Superior Court. The provisions of the statute with regard to the procedure upon bills of exceptions should not be considered as so many traps and obstacles, prescribed by the General Assembly, to prevent the litigant from obtaining a special privilege, but rather as reasonable rules to be observed in perfecting a right provided under the constitution. The construction contended for by the plaintiff is not a reasonable one, and whenever in this procedure two different constructions of a provision are possible, the harsher and less reasonable should not be the one to receive judicial sanction.

(2)    The plaintiff appears to be of the opinion that the time within which the transcript of evidence must be filed, if there be no extension of time, is not later than forty days from the date of the written request to the stenographer, and there is a warrant for this conclusion from the consideration of sections 71 and 72 alone. But considered in connection with the provisions of § 490, C. P. A., as was pointed out by this court in *Baker* v. *Tyler*, 28 R. I., at p. 155, if there be no extension of time, the time for delivery of the transcript by the stenographer to the party or his attorney must be within the time fixed for the party to file it, in no case later than forty days from the filing of the written request; but the time for filing the transcript, together with the bill of exceptions, in the clerk's office may be fixed by the court as late as fifty days after filing notice of intention to prosecute a bill of exceptions.

It will generally occur in practice that an extension of the time for filing the transcript of evidence will be sought after a period of fifty days or less has first been fixed by the court, and of necessity before the expiration of the period so fixed. But if at the time of filing the notice of intention to prosecute a bill of exceptions it appears to the Superior Court that, for any cause, the transcript can not be made and delivered within forty days from the date of the written request for the same, it would be an unreasonable provision to require the Superior

Court to first fix a time for filing the transcript and bill and then to require the court, immediately, by another order, to extend the time so fixed. A reasonable construction of sections 71 and 72 does not require such procedure. The expression "grant an extension of time," in section 72, may be construed to mean an extension or enlargement of a period previously fixed by the court, and with equal reason this expression may be held to mean an enlargement or extension of the time referred to in section 71, namely, the ordinary period contemplated by the statute. Section 72 empowers the Superior Court, in its discretion, to make either extension of time, as the circumstances of the case may require.

This view of the provisions of section 72 has been adopted by this court in *Baker* v. *Tyler, supra.* In considering the question there involved, which was the effect of the failure of a justice of the Superior Court to fix a time for filing the transcript and bill, the court says: "In the case at bar the application of the party was duly made to the court, and thereupon the court, instead of fixing the time for filing the bill of exceptions and the transcript of evidence, or extending the time for filing the transcript, which would have automatically fixed the time for filing the bill of exceptions, filled out an order to stenographer to deliver the transcript to the party at a certain day."

The first and third grounds of the motion to dismiss are without force.

(3)  The second ground of the motion to dismiss is that "The Superior Court did not within forty days from the date of filing a written request to the court stenographer for a transcript of the testimony, etc., grant an extension of time for filing the same beyond the period of forty days allowed by section 71 of the Court and Practice Act."

The record in the case discloses that the transcript of evidence was not filed in the clerk's office of the Superior Court on or before February 23rd, 1909, and that the bill of exceptions was not filed in the clerk's office on or before March 4th, 1909, in accordance with the order of the justice of the Superior Court. It however clearly appears, by the affidavits of one of the defendants' attorneys and of his clerk, and of the stenographic

clerk of the Superior Court, all of which affidavits were filed in the Superior Court and are a part of the record in the case, that the following proceedings were had with reference to an extension of the time for filing the transcript of evidence. And this is also evidenced by a statement of the justice of the Superior Court, dated March 22nd, 1909, and filed among the papers in the case, and is further established by the allowance of the transcript of evidence and the bill of exceptions by said justice.

From said affidavits it appears that on the 19th day of February, 1909, four days before the expiration of the time fixed for filing the transcript of evidence, the stenographic clerk notified the attorney for the defendant that she would be unable to prepare said transcript of evidence to be filed on or before February 23rd, 1909, as ordered by the justice of the Superior Court; that thereupon the attorney for the defendant, upon said 19th day of February, 1909, prepared and presented to said justice a motion asking for an extension of time within which such transcript should be filed; that on said 19th day of February, 1909, said justice entered an order, upon said motion, extending the time for filing said transcript in the clerk's office to March 15th, 1909.

After obtaining said order for extension from said justice, the duty of the defendant's attorney was performed. But, apparently because the justice was sitting in Providence county at the time of making the order, the attorney further undertook to forward said order for said justice, to the clerk in Washington county; and on said February 19th, by direction of the attorney for the defendant, said motion and the order made thereon was sent by mail, postpaid, addressed to the clerk of the court in Washington county at his usual address.

It further appears that said order was lost in transmission and has never reached the files of said Superior Court.

The transcript of evidence was filed in the clerk's office on the 13th day of March, 1909, and the bill of exceptions was filed in the clerk's office on the 22nd day of March, 1909, and both the transcript and bill have been duly allowed by said justice.

These circumstances present no ground for dismissal of the bill of exceptions. The order for the extension of time, which

is the necessary and vital step, was made by the justice of the Superior Court before the expiration of the period first fixed, and the fact that said order was lost can not be allowed to prejudice the rights of the defendant, which has in all matters acted with expedition and care.

The case at bar presents a different aspect from that of *McCotter, Appt.,* v. *Town Council of New Shoreham,* 21 R. I. 425. In that case the court held that an appeal bond, which had been deposited in the mail, and which by means of delay in transmission did not reach the clerk within the period for filing prescribed by law, did not perfect a valid appeal. In that case it was essential to the validity of the appeal that the appellant should file his bond on or before a certain date. If by neglect or accident said bond was not filed, the appeal was not complete. In the case at bar the essential requirement for the extension of time was that the justice should make the order for extension within the period first limited. The justice made such order. The subsequent loss of the order does not affect the validity of the extension.

Plaintiff's motion to dismiss the bill of exceptions denied and dismissed. The cause will stand for hearing upon the defendant's bill of exceptions.

*Waterman, Curran & Hunt,* for plaintiff.
*Lyman & McDonnell,* for defendant.